## Thomas v. George

*Augustus L. Pasquarella,* for plaintiff.
*James Hickey,* for defendants.

MAIER, *J.,* July 7, 1996—

## BACKGROUND

The Pennsylvania Legislature's most recent attempt at automobile insurance reform is the Pennsylvania Motor Vehicle Financial Responsibility Law. 75 Pa.C.S. §1701 et seq. The PMVFRL sought to reduce the cost of auto insurance coverage through a variety of measures including "tort waiver" elections which effectively limit one's rights to seek financial compensation for certain vehicular injuries. This opinion will concentrate on the PMVFRL's requirement that insurers provide written notice to insureds concerning available tort coverage options. 75 Pa.C.S. §1701 et seq.

In order to effectuate such waivers, the PMVFRL provides two similar yet distinct "notice/waiver" forms to be used in the dissemination of this information to existing policyholders and new applicants. Specifically, the PMVFRL requires that a section 1705(a) "notice/election" form containing cost comparisons be sent to the insured at least 45 days prior to the first issuance (section 1705(a)(4)) or first renewal (section 1705(a)(1))

of a policy on and after July 1, 1990. 75 Pa.C.S. §1705. This section 1705 notice requires a cost comparison of proposed rates for full tort coverage and limited tort coverage. 75 Pa.C.S. §1705(a)(1)(A)(B). Similarly, the PMVFRL requires that a section 1791.1 notice be sent to insureds at the time of application for original coverage and *every renewal thereafter.* 75 Pa.C.S. §1791.1. Notably, the section 1791.1 notice does not require cost comparisons. 75 Pa.C.S. §1791.1 (b).

The applicability of these competing and possibly conflicting "notice" requirements was the subject of a consolidated opinion issued by this court. *Pestcoe v. Nisenzone,* 27 D.&C.4th 26 (1995). In *Pestcoe,* this court distinguished the two notices when it held that a section 1705(a) "notice" election must be secured in conjunction with all new applications for auto insurance and first renewals after July 1, 1990. *Id.* The court went on to hold that second and subsequent renewals (of an existing auto insurance policy) must be accompanied by either a section 1705 or section 1791.1 "notice" election upon *every renewal thereafter. Id.* Furthermore, it was found that section 1791.1 "notices" were inadequate to apprise insureds of the competing tort coverage costs and were therefore invalid with respect to new applications for auto insurance and first renewals after July 1, 1990. *Id.*

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

The matter presently before the court concerns a motor vehicle accident which occurred on January 27, 1994. At all times material hereto, plaintiff Mariyamma Thomas was insured under an automobile insurance policy issued to her husband, Thomas George, by the Government Employees Insurance Company. Said pol-

icy was originally issued on April 17, 1991 at which time the insured selected "limited tort" coverage by way of a section 1791.1 waiver form.

This policy was renewed on April 18, 1992 with a "second" renewal occurring on April 18, 1993. In neither instance of renewal did plaintiff receive a tort "notice/election" form (from her insurer) as required by the PMVFRL. *Pestcoe v. Nisenzone, supra;* see also, 75 Pa.C.S. §1701 et seq.

On August 7, 1995, plaintiff instituted the ensuing action. On May 9, 1996, plaintiff presented this court with a motion to preclude the assertion of a limited tort defense contending that she is not bound by the election form in issue (provided by GEICO) as it fails to comply with the PMVFRL. 75 Pa.C.S. §1701 et seq. Upon conclusion of oral argument, the matter was held under advisement for additional consideration.

## DISCUSSION

In *Pestcoe,* this court held that a section 1705 election of tort coverage must be secured in conjunction with new applications and first renewals after July 1, 1990. *Pestcoe v. Nisenzone, supra.* The court went on to hold that second and subsequent renewals must be accompanied by either a section 1705 or section 1791.1 "notice" form upon *every renewal thereafter.* Furthermore, it was found that section 1791.1 "notices" were inadequate to apprise insureds of the competing tort coverage costs and were therefore invalid with respect to new applications for auto insurance and first renewals after July 1, 1990.

In the instant matter, the named insured's election of tort coverage is invalid as it was selected during the original application for insurance by way of a section 1791.1 "notice/election" form. Moreover, section 1705 (a)(3) of the PMVFRL provides that "all notices should

advise that if no tort election is made, the named insured and those he is empowered to bind by his choice are presumed to have chosen the full tort alternative." 75 Pa.C.S. §1705(a)(3). Consequently, it is the opinion of this court that plaintiff Mariyamma Thomas shall be presumed to have chosen the "full tort" alternative as the named insured failed to make a valid selection of "limited tort" coverage.

Furthermore, the PMVFRL provides that "the tort option elected . . . shall continue in force as to all subsequent renewal policies . . . until the insurer or its authorized representative receives a properly executed form electing the other tort option." 75 Pa.C.S. §1705(b)(3). Consistent therewith, insurers are required to provide an appropriate "notice/election" form upon every renewal of an existing insurance policy. *Pestcoe v. Nisenzone, supra;* see also, 75 Pa.C.S. §1701 et seq.

In the case at bar, the named insured's election of "limited tort" coverage is invalid and plaintiff is presumed to have chosen the "full tort" alternative. Thereafter, plaintiff's insurer failed to provide the requisite "notice/election" forms upon any subsequent renewal which deprived plaintiff (via the named insured) of the opportunity to properly select "limited tort" coverage.

Therefore, it is presumed that plaintiff has elected "full tort" coverage in the absence of a properly executed "limited tort" selection.

## CONCLUSION

For the reasons stated above, plaintiff's motion to preclude the assertion of a limited tort defense is granted.

## ORDER

It is hereby ordered and decreed that plaintiff's motion to preclude the assertion of a limited tort defense is granted.